# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

CHARLES ALBERT LIND,

                Plaintiff,

      v.

SILAS HESSLER,

                Defendant.

Case No. 4:18-cv-00028-RRB

## ORDER OF DISMISSAL

On August 7, 2018, self-represented litigant Charles Albert Lind filed "claim: trespass (unlawful papers)" along with the $400.00 filing fee, a "notice filing fee," and a "notice: signature."[1] The Court will treat this as a complaint under Federal Rule of Civil Procedure 7(a).

In his complaint, Mr. Lind alleges that "the causal agent of the trespass, comes by way of its use of a unlawful paper;" and "trespass did and does harm and injury to my property."[2] Mr. Lind alleges the "commencement of the wrong and harm began on 5 July 2017 5:51 PM location Mile 360 Northbound Richardson Highway Fairbanks; the wrong and harm continues to this day."[3] Mr. Lind names

---

[1] Dockets 1-3.

[2] Docket 1.

[3] Docket 1.

Silas Hessler in the caption as "wrongdoer," which this Court interprets as defendant. For relief, Mr. Lind requests $20,000.00 in "compensation."[4]

## SCREENING STANDARD

The United States Supreme Court has established that "the federal courts are under an independent obligation to examine their own jurisdiction[.]"[5] In a federal court proceeding, a jurisdictional defect may be raised at any time.[6]

## DISCUSSION

Mr. Lind alleges trespass against Mr. Hessler. This tort claim is traditionally litigated in state court. Without a federal question or diverse parties, this Court has no jurisdiction to hear his case. Therefore, Mr. Lind's action must be dismissed.

### Jurisdiction

Jurisdiction is "[a] court's power to decide a case or issue a decree."[7] A court's subject matter jurisdiction is its "statutory or constitutional power to adjudicate a case."[8] As a federal court, this Court has limited subject matter jurisdiction. It possesses "only that power authorized by the Constitution and

---

[4] Docket 1.

[5] *United States v. Hays*, 515 U.S. 737, 742 (1995).

[6] *Washington Environmental Council v. Bellon*, 732 F.3d 1131, 1139 (9th Cir. 2013).

[7] *Black's Law Dictionary* (9th ed. 2009) (definition of "jurisdiction").

[8] *Steel Co. v. Citizens for Better Environment,* 523 U.S. 83, 89 (1998).

statute."[9] This means that the Court has the authority to hear only specified types of cases.[10] "In civil cases, subject matter jurisdiction is generally conferred upon federal district courts either through diversity jurisdiction, 28 U.S.C. § 1332, or federal question jurisdiction, 28 U.S.C. § 1331."[11]

Federal question jurisdiction provides a federal court the authority to consider cases brought under the United States Constitution or federal statutes.[12] The complaint does not address a federal statute or raise a viable constitutional issue.[13] Because the complaint does not clearly describe a violation of the U.S. Constitution or a federal statute that is redressable by a private citizen in federal court, this Court does not have federal question jurisdiction over this case.

Diversity jurisdiction requires that the plaintiff have "citizenship which is diverse from that of every defendant" and an amount in controversy greater than $75,000.[14] This means that this Court could have jurisdiction over a case

---

[9] *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted); *see also, e.g. A-Z Intern. v. Phillips*, 323 F.3d 1141, 1145 (9th Cir. 2003).

[10] *See, e.g., United States v. Marks*, 530 F.3d 779, 810 (9th Cir. 2008), citing *DaimlerChrysler v. Cuno*, 547 U.S. 332, 342 (2006); *United States v. Sumner*, 226 F.3d 1005, 1010 (9th Cir. 2000).

[11] *Peralta v. Hispanic Bus., Inc.*, 419 F.3d 1064, 1068 (9th Cir. 2005).

[12] 28 U.S.C. § 1331.

[13] *See* Docket 1.

[14] 28 U.S.C. § 1332; *See Cook v. AVI Casino Enterprises, Inc.*, 548 F.3d 718, 722 (9th Cir. 2008) (quoting *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996) (diversity jurisdiction requires "complete diversity of citizenship")).

(including one involving only state law issues) where the plaintiff demonstrates that he is a citizen of a different state than the citizenship of each of the defendants.[15] However, if any of the defendants share citizenship with Mr. Lind, then no diversity jurisdiction exists.[16] While Mr. Lind does not formally establish citizenship, the pleadings indicate that Mr. Lind, a purported landowner, and his defendant, Mr. Hessler—allegedly an Alaska State Trooper, are likely Alaska citizens.[17] Additionally, the complaint establishes $20,000.00 as the amount in controversy. This amount is well below the required amount. Because he has not demonstrated diverse citizenship here, nor an amount in controversy, this Court does not have diversity jurisdiction over his complaint.

This Court has neither federal question jurisdiction, nor diversity jurisdiction over this case. Therefore, this Court has no subject matter jurisdiction over this matter. When a court determines "that it lacks subject matter jurisdiction, the court must dismiss the action."[18] In light of the foregoing, Mr. Lind's complaint must be dismissed without leave to amend for lack of subject matter jurisdiction.

---

[15] *Id.* (quoting *Kokkonen*, 511 U.S. at 377).

[16] *Id.*

[17] *See* Docket 1.

[18] Fed. R. Civ. P. (12)(h)(3).

4:18-cv-28-RRB, *Lind v. Hessler.*
Order to Dismiss
Page 4 of 6

## Futility of Amendment

A Court's decision to grant or deny leave to amend a complaint is discretionary.[19] The complaint does not present either a federal question or a diversity claim. Tort claims, like trespass, are most often litigated in state court, and a claim such as Mr. Lind's is most appropriately litigated there. As such, amendment of the complaint is futile and leave to amend will not be granted.

## Filing Fee

At Docket 2, Mr. Lind submits a four page document titled "notice filing fee." In this filing Mr. Lind states "It is my wish not to be charged a fee and I do not want to diminish my standing to that of a pauper."[20] After some additional narrative Mr. Lind states, "So please just take the $400.00 because I need this action to move now. For once this action is settled everything will be returned. If you wish to allow me to proceed fee free please return the $400.00 check; to me;[.]" Liberally construed, the Court interprets this to be a Motion for a Return of Filing Fee.

Mr. Lind's action is dismissed for lack of subject matter jurisdiction without leave to amend and without prejudice. The Court grants Mr. Lind's request to

---

[19] *Foman v. Davis*, 371 U.S. 178, 182 (1962) (establishing that leave to amend a complaint should be freely given unless to do so would be futile); *see also Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (stating that "[a] district court should not dismiss a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.").

[20] Docket 2 at 1.

return his filing fee. The Court takes judicial notice of his recently filed case 4:19-cv-00005-SLG, which lists his address as the Fairbanks Rescue Mission and different from this action. Mr. Lind is instructed to confirm his current address with the Court in writing, so that his fee may be returned.

**IT IS THEREFORE ORDERED:**

1. The action is dismissed without prejudice for lack of subject matter jurisdiction.
2. The "notice filing fee," which this Court interprets as a Motion to Return Filing Fee is GRANTED.
3. Mr. Lind is instructed to contact the Court in writing to confirm his current address. Mr. Lind is reminded that it is his responsibility to update the court with his current address.
4. The Clerk of Court is directed to submit a final judgment accordingly.

DATED at Anchorage, Alaska this 18th day of March, 2019.

*/s/ Ralph R. Beistline*
Senior United States District Judge
